UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MACKENZIE GDOVIN,

               Plaintiff,

  v.

HELIO HEALTH, INC.,

               Defendant.

**CIVIL CASE MANAGEMENT PLAN**

Civil Action No.
3:20-cv-1588 (FJS/ML)

      **IT IS HEREBY ORDERED that**, pursuant to Rule l6(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Miroslav Lovric, United States Magistrate Judge, on **April 30, 2021 at 10:00 a.m.**  All conferences will be conducted by way of telephone.  The parties are directed to call  (877) 402-9753 and enter access code 9983518.

      Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21) days** before the scheduled Rule 16 Conference.  Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court.  Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1)**    **JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before **June 25, 2021**.

**2)**    **AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before **June 25, 2021**.

**3)**    **DISCOVERY:** All discovery in this action shall be completed on or before **January 31, 2021**.  *(Discovery time table is to be based on the complexity of the action)*

**4)**    **MOTIONS:** All motions, including discovery motions, shall be made on or before **March 31, 2022**.  *(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)*

**5)**    **EXPERT WITNESS DISCLOSURE:** Plaintiff's Expert Witness disclosure shall be exchanged on or before **September 30, 2021**.  Defendant's Expert Witness disclosure shall be exchanged on or before **November 15, 2021**.  Rebuttal Expert Witness Disclosure shall be exchanged on or before **November 30, 2021**.

**6)**     **MANDATORY MEDIATION:** A stipulation selecting mediator must be filed on or before **June 25, 2021**. Mediation must be completed on or before **September 28, 2021**.

**7)**     **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before **April 18, 2022**. It is anticipated that the trial will take approximately **four (4) days** to complete. The parties request that the trial be held in **Syracuse, N.Y.**

**8)**     **HAVE THE PARTIES FILED A JURY DEMAND:** __X__ (YES) / _____ (NO).

**9)**     **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

    Yes to all. The Court has subject matter jurisdiction, the parties are subject to the Court's jurisdiction, and Defendant has been served.

**10)**     **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

    A. <u>Plaintiff</u>: Plaintiff maintains that she was subjected to unlawful sexual harassment and retaliation in violation of Title VII of the Civil Rights Action of 1964.

    B. <u>Defendant</u>: Defendant denies any wrongdoing and maintains, *inter alia*, that it conducted a prompt, thorough, and effective investigation; took interim remedial action and subsequent corrective action; and otherwise exercised reasonable care to prevent and correct any alleged harassing behavior by a non-supervisory employee. Moreover, Plaintiff was not subjected to any adverse employment action, and she voluntarily resigned under circumstances that did not constitute constructive discharge. Defendant has asserted several other defenses in its Answer to the Complaint. *See* Dkt. No. 7.

**11)**     **WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

    All factual and legal issues appear to be in dispute at this time, but many of these issues may be resolved or narrowed through discovery.

**12)**     **CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

    The parties will attempt to narrow the issues in this case by agreement or by motion. Defendant intends to file a motion for summary judgment.

13) **WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

    A. <u>Plaintiff</u>:  Plaintiff seeks monetary relief for lost wages, lost vacation, and emotional distress in the significant category, as well as costs and attorneys' fees.

    B. <u>Defendant</u>:  Defendant seeks dismissal of the Complaint and an award of reasonable attorneys' fees and costs.

14) **DISCOVERY PLAN:**

    A.    <u>**Mandatory Disclosures**</u>

*The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.*

The parties will exchange mandatory disclosures on or before April 23, 2021.

    B.    <u>**Subjects of Disclosure**</u>

*The parties jointly agree that discovery will be needed to address the following subjects:*

The parties agree that discovery will be needed to address all factual and legal issues raised in the pleadings.

    C.    <u>**Discovery Sequence**</u>

*Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.*

The parties agree that, after mandatory disclosures are exchanged, written discovery, including general discovery demands, releases for records, and interrogatories will be served.  Upon completion of written discovery, depositions will be scheduled.

    D.    <u>**Written Discovery**</u>

*Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.*

The parties contemplate use during the discovery period of Rule 33 interrogatories, Rule 34 document requests, and potentially Rule 36 requests for admissions, regarding the

subjects of disclosure above. At this time, the parties do not believe they will need to exceed the number of interrogatories permitted under Rule 33.

**E.      Depositions**

*Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.*

Plaintiff intends to take the deposition of one or more of the following individuals: Jackie Ponticello, Wendy Hunter, Sherry Stearns, Sarah King, Nurse Manager Tamika (last name unknown), Danielle LeMoine, Patricia Roberts, Rebecca Disha, Amy Durran, Amy O'Brien, Dr. Shaikh's supervisor (name unknown), Connie Lickstein, Beth lawyer, Jeremy Klemanski, Cheryl DeRosa. At the time of events alleged in the complaint, such individuals were employees of Defendant and either witnesses harassment of Plaintiff, witnesses retaliation against Plaintiff, participated in retaliation against Plaintiff, or conducted the alleged internal investigation into any such harassment.

Plaintiff intends to take the deposition of the following non-party witnesses Bridget Schmidt, Melissa Millen with regard to the harassment of Plaintiff they witnessed and their own harassment, the investigation conducted by Defendant, and the retaliation experienced by Plaintiff.

Defendant intends to take the deposition of Plaintiff and other witnesses identified by Plaintiff relative to her claim for damages.

The parties may wish to depose other individuals following further discovery. Due to COVID-19 restrictions, the parties may be required to conduct depositions virtually, but will make every effort to conduct them in person.

**F.      Experts**

*Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).*

The parties do not anticipate retaining expert witnesses at this time, but reserve the right to do so should the need arise.

4

### G. Electronic Discovery

*Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.*

To the extent that responsive electronically stored information exists, the parties will produce it in hard copy format or as PDFs. If the response becomes voluminous, the parties will discuss providing the documents in electronic format. The parties do not waive claims of privilege or work product protection with regard to electronic discovery.

### H. Protective Orders

*If the parties anticipate requesting a protective order from the court pursuant to Rule 26(C), describe the basis for the request and nature of the proposed protective order.*

Defendant anticipates needing a Protective Order to protect, among other documents and information requested during discovery, the personnel files of Defendant's employees.

### I. Anticipated Issues Requiring Court Intervention

*Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.*

The parties are not aware of any issues at this time that may require Court intervention.

15) **IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

It may be possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence.  Bifurcation is neither feasible nor desirable.

16) **ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

17) **IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

      Not Applicable.

18) **WHAT ARE THE PROSPECTS FOR SETTLEMENT?  Please circle below the prospect for settlement:**

      1☐ 2☐ 3☒ 4☐ 5☐ 6☐ 7☐ 8☐ 9☐ 10☐
      (VERY UNLIKELY)➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ ➔ (LIKELY)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

      Mediation or court assisted conferences.

*COMPLETE QUESTION 19 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.*

19) **IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE**:

    A.    Reviewed General Order #47 ?   ☒ YES ☐ NO

    B.    Reviewed the List of Court Approved Mediators available on the NDNY website? ☒ YES ☐ NO

    C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program. ☒ YES ☐ NO

    D.    Discussed the time frame needed to complete Mandatory Mediation?   ☒ YES ☐ NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. C. P. 26(f), the parties, through their respective counsel (identified below), conferred on April 14 and April 19, 2021 regarding the deadlines and other issues referenced in this Civil Case Management Plan.

1. Dawn J. Lanouette, Esq., for Plaintiff.

2. Robert J. Thorpe, Esq., for Defendant.

At the Rule 16(b) conference, the Court will issue an order directing the further proceedings in this action.  The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.*

**[SIGNATURE PAGE FOLLOWS]**
**[REST OF PAGE INTENTIONALLY LEFT BLANK]**

22476744.3

Dated:  April 19, 2021          **HINMAN, HOWARD & KATTELL, LLP**

By: */s/ Dawn J. Lanouette*_____
    Dawn J. Lanouette (302595)

*Attorneys for Plaintiff*
80 Exchange Street
P.O. Box 5250
Binghamton, New York 13902
Telephone:  (607) 723-5341
Email: dlanouette@hhk.com


Dated:  April 19, 2021          **BARCLAY DAMON LLP**

By:  */s/ Robert J. Thorpe*_____
    Robert J. Thorpe (517411)
    Ross M. Greenky (519297)

*Attorneys for Defendant*
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Tel.:  (315) 413-7231
     (315) 425-2702
Email:  rthorpe@barclaydamon.com
     rgreenky@barclaydamon.com

22476744.3

## CERTIFICATE OF SERVICE

I certify that on April 19, 2021, I electronically filed the foregoing Civil Case Management Plan using the CM/ECF system, which sent electronic or other notification of such filing to all counsel of record in this case.

*/s/ Robert J. Thorpe*_____
Robert J. Thorpe
Bar Roll No. 517411

22476744.3